**In re Anonymous No. 38 D.B. 80**

Disciplinary Board Docket No. 38 D.B. 80.

To the Honorable Chief Justice and Justices of The Supreme Court of Pennsylvania:

SCHIAVO, *Member,* February 26, 1982— Pursuant to Rule 208(d) of the Pennsylvania Rules of Disciplinary Enforcement (enforcement rules), the Disciplinary Board of the Supreme Court of Pennsylvania (board) herewith submits its findings and recommendations to your honorable court with respect to the above proceeding.

## I. STATEMENT OF THE CHARGES

Respondent, an attorney admitted to the practice of law in the Commonwealth of Pennsylvania, with his office located in the City and County of [ ], Pa. has been charged by the petitioner, Office of Disciplinary Counsel, with violation of various Disciplinary Rules of the Code of Professional Responsibility as follows:

A.  D.R. 1-102(A)(3)—Dealing with illegal conduct involving moral turpitude;

B.  D.R. 1-102(A)(4)—Dealing with conduct involving dishonesty, fraud, deceit or misrepresentation;

C.  D.R. 1-102(A)(6)—Dealing with conduct that adversely reflects on an attorney's fitness to practice law;

D.  D.R. 9-102(A)(1)—Dealing with depositing in one or more identifiable accounts in the same state as that of the attorney's office all funds of his clients

paid to him other than advances for costs and expenses and prohibiting any funds from the attorney or his law firm from being deposited therein;

E. D.R. 9-102(B)(1)—Dealing with the requirement that an attorney promptly notify a client of the receipt of the client's funds, securities and other properties; and

F. D.R. 9-102(B)(4)—Dealing with the requirement that an attorney promptly pay or deliver to a client, as requested by the client, the funds, securities or other property in the possession of the attorney which the client is entitled to receive.

## II. HISTORY OF THE PROCEEDINGS

On June 18, 1980, a petition for discipline was filed by the Office of Disciplinary Counsel as petitioner against the within respondent embodying all the above mentioned charges. While no answer was filed thereto by respondent, he did, by his legal counsel, enter into a stipulation of fact which supported and substantiated all of the above charges except D.R. 9-102(B)(1). The matter was assigned to hearing committee [   ] which thereafter held a hearing on the matter.

## III. HEARING COMMITTEE RECOMMENDATION AND REASONS THEREFOR

Following the hearing on this matter hearing committee [   ] decided that respondent violated Disciplinary Rules of the Code of Professional Responsibility D.R. 1-102(A)(3), D.R. 1-102(A)(4), D.R. 1-102(A)(6), D.R. 9-102(A)(1) and D.R. 9-102(B)(4) and that respondent should receive a two year suspension from the practice of law to run concurrently with the period of suspension com-

mencing March 16, 1981 ordered by the Supreme Court of Pennsylvania in 23 D.B. 79.

## IV. FINDINGS OF FACT

1. Respondent did represent one [A] on her personal injury claim and from sometime in 1976 through 1978.

2. In settlement of the claim respondent on September 6, 1978 received the $5,250 settlement draft payment from the insurance company involved and that day deposited the same into a checking account at [ ] Bank which was not an escrow account.

3. Respondent on September 26, 1978 gave his client, [A], a check of September 26, 1978 date for $2,000 which was her share of the settlement proceeds and which check was thereafter deposited by her into her own checking account but thereafter only to be returned for insufficient funds. The balance in respondent's account as of September 26, 1978 and upon which account said $2,000 check was drawn was $737.53.

4. The client advised respondent of the return of his check for insufficient funds, and respondent on October 23, 1978 gave his client the sum of $2,000 in exchange for his dishonored check.

5. Respondent used his said account at [ ] Bank as a general operating account from which he paid employees, office expenses, client settlements and so forth.

## V. CONCLUSIONS OF LAW

Respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility: D.R. 1-102(A)(3), D.R. 1-102(A)(4), D.R. 1-102(A)(6), D.R. 9-102(A)(1) and D.R. 9-102(B)(4).

## VI. PRIOR RECORD

Respondent by disciplinary proceedings filed against him to 23 D.B. 79 with this board has been suspended by July 2, 1981 order of the Supreme Court of Pennsylvania from the practice of law for a period of two years commencing March 16, 1981. Those disciplinary proceedings arose out of various and similar violations of Disciplinary Rules involving different clients of respondent during the same general period as hereinvolved.

## VII. DISCUSSION

There is no real dispute on the facts as found above, the same having been admitted in respondent's said stipulation of facts. This is another unfortunate situation involving an attorney's commingling and conversion of his client's funds.

The fair preponderance of the evidence indicates that respondent, although then suffering from depression and some impairment of judgment and diminished capacity which occurred following the death of his wife, nonetheless knew that what he did hereunder was wrong, thus evidencing his having the necessary intent to violate said Disciplinary Rules. Accordingly the board finds that respondent violated said Disciplinary Rules as indicated in its conclusions of law above.

Equally evident is the fact that these violations hereunder and involving his client [A] was out of and part of the same said period of depression and personal disturbances as that involving other violations of similar Disciplinary Rules involving other clients of respondent in similar situations, the subject of said disciplinary proceedings filed with this board to 23 D.B. 79. Such must be considered relative to the discipline to be imposed.

## VIII. RECOMMENDATION

The board recommends respondent be suspended from the practice of law for a period of two years commencing March 16, 1981 and running to March 16, 1983.

Mrs. Hammerman abstained.

Messrs. Daniels and Elliott did not participate in the adjudication.

### ORDER [OF PENNSYLVANIA SUPREME COURT]

O'BRIEN, C.J., And now June 25, 1982, the recommendation of the Disciplinary Board dated February 26, 1982, is accepted; and it is ordered that [Respondent] be and he is suspended from the Bar of this Commonwealth for a period of two years commencing March 16, 1981, to run concurrently with the suspension ordered at Disciplinary Board No. 23 D.B. 79.